FILED
SUPERIOR COURT
OF GUAM

2020 MAR 11 PM 4:51

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0381-19 |
| vs. | |
| **RON CHONOG JOHN,** *aka Ron Choniog John* DOB: 06/10/2003 | **DECISION AND ORDER** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 12, 2019, upon the Defendant's Motion to Transfer to Family Court filed September 10, 2019 ("Motion"). Defendant Ron Chonog John ("Defendant") is represented by Assistant Public Defender William Bischoff. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On July 18, 2019, a grand jury returned an indictment and charged the Defendant with nine (9) counts of Burglary (as a Second Degree Felony), one (1) count of Theft (as a Petty Misdemeanor), and one (1) count of Attempted Theft (as a Petty Misdemeanor). See Indictment (July 18, 2019). According to the Declaration attached to the Magistrate's Complaint, on or about June 29, 2019, Guam Police Department ("GPD") officers responded to a burglary report at Ely's Auto in Dededo. The GPD officers met with the owners of Ely's Auto who stated that

nine (9) automobiles belonging to customers of Ely's Auto appeared to have been broken into and rummaged through. The GPD officers reviewed security video footage of the incident and identified the Defendant, along with two others, as suspects. With the consent of his mother, the Defendant agreed to an interview. During the interview, the Defendant admitted that he, along with two other individuals, had jumped the gate at Ely's Auto to see if there was anything in the cars worth stealing.

On September 10, 2019, the Defendant filed the instant Motion to Transfer to Family Court. The People filed their Opposition on September 20, 2019. On December 12, 2019, the Court heard oral arguments on the instant motion. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Title 19 GCA § 5106 provides the mechanism by which the Superior Court can obtain "adult" jurisdiction over a minor. People v. Gomia, 2017 Guam 3 ¶ 10. The statute reads, in relevant part, ". . . [a] child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged *shall automatically* be charged as an adult for any act which would constitute a felony of the first or second degree along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony." 19 GCA § 5106(a) (emphasis added). Notwithstanding the mandates of 19 GCA § 5106(a), Guam law also authorizes courts to transfer the matter to the jurisdiction of the Family Court. 19 GCA § 5106(d). Transfer or decertification to Family Court is permissible upon a finding based on "clear and convincing evidence that the best interest of the minor would be amendable to the care, treatment, and training programs available through the facilities of the juvenile court . . . ." Id. In evaluating whether transfer to Family Court is proper, the Court should consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a
        combination of these factors;

(3) the circumstances of the offense, including:
- (A) the seriousness of the offense;
- (B) whether the minor is charged through accountability;
- (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
- (D) whether there is evidence the offense caused seriously bodily harm; and
- (E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

Id. Further, in considering the factors above, the Court ***shall give greater weight*** to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any other factor. Id. (emphasis added).

## I.    Age and History of the Minor

At the time of the alleged offense, the Defendant was sixteen (16) years old. Therefore, at the time the Defendant committed the alleged offense, the Defendant was properly charged as an adult pursuant to the Family Court Act. See 19 GCA § 5106(a) (a child who is sixteen (16) years of age or older at the time of the alleged offense shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree).

The Defendant has several juvenile cases that the Court is aware of: JD0141-16, JD0142-16, JD0040-16, and JD0092-16. Further, in addition to the instant matter, the Defendant has one other active adult criminal case, CF0031-20. In that felony case, the Defendant is being charged with Theft by Receiving via Complicity (as a Second Degree Felony), and was also properly charged as adult pursuant to 19 GCA § 5106(a).

At the evidentiary hearing in this matter, the Court heard testimony from two of the Defendant's social workers, Sollie Onedera ("Ms. Onedera") and Vivian Yee ("Ms. Yee"). Ms. Onedera, a Social Worker at the Department of Youth Affairs ("DYA"), testified that from 2017

to 2018, she worked with the Defendant at the DYA Aftercare Program for approximately ten (10) months in conjunction with the Defendant's most recent juvenile case. At the hearing, the Court noted that despite having completed the DYA Aftercare Program, the Defendant managed to pick up adult felony charges less than a year after the closure of the respective juvenile case. Ms. Onedera however, testified that she believes that the Defendant could still benefit from juvenile services. Ms. Yee, a Social Worker at I Famaguon'ta, testified that upon review of the Defendant's juvenile history, rehabilitation was unlikely due to the lack of commitment from the Defendant's family. Ms. Yee further testified that the Defendant would need to be reevaluated, and that a new treatment and services plan be implemented. Finally, both Social Workers testified that the Defendant was enrolled in special education classes and was taking attention deficit hyperactivity disorder (ADHD) medication[1]. Ms. Yee testified that the Defendant, at his mother's direction, refused medication. However, Ms. Yee testified that both the Defendant and his mother were agreeable to medication management.

Nevertheless, in considering the first two factors above, absent any specific finding as to the Defendant's mental health status or history, the Court finds that the Defendant's delinquent criminal history and current second degree felony charges weigh against transferring the Defendant's case to Family Court.

## II.     Circumstances of the Offense

Here, the Defendant is being charged with nine counts of Burglary, Theft, and Attempted Theft. The Court acknowledges that these charges against the Defendant are neither violent nor particularly heinous. Neither is the Defendant alleged to have been in possession of a deadly weapon nor is he alleged to have caused bodily harm towards another person. The Court recognizes that burglary and theft are indeed serious crimes and that there is a great public interest in protecting the public from burglary and theft. However, given the nonviolent nature of the alleged offenses and other circumstances, the Court finds that this factor weighs slightly in favor of decertification to Family Court.

---

[1] A Forensic Evaluation has neither been filed nor requested in this matter.

### III. Advantages of Treatment in the Juvenile System, the Defendant's History of Treatment, and Likelihood of Rehabilitation.

Indeed, there are treatment programs in the Family Court, such as a theft diversion program, available to minors who commit theft crimes. However, although the therapeutic and rehabilitative focus of the juvenile system is generally preferred over the harshness of incarceration and fines imposed in adult criminal courts, the Defendant must also demonstrate a likelihood of rehabilitation. In other words, it is not enough that the Defendant establish that the Family Court is preferable, but the Defendant must also convince the Court that he would avail of such benefits and succeed.

The Court finds that the Defendant is not a suitable candidate amenable to treatment in the Family Court system. As aforementioned, in addition to the instant felony case, the Defendant has another active adult felony case in CF0031-20, which involves slightly similar offenses to the offenses charged herein. Further, the Court notes that the Defendant was on pre-trial release in the instant matter when the Defendant picked up the new charges in CF0031-20. Finally, according to the testimony from the Defendant's social workers, the Defendant has a history of juvenile rehabilitative services and was afforded the care, treatment, and training programs of the juvenile court. Since the Defendant's most recent juvenile matter closed in 2018, and despite treatment already offered by the Family Court, the Defendant continues to find himself in trouble with the justice system and managed to obtain two second-degree felony cases. Thus, by his actions, the Defendant has shown that he is not amenable to obeying the law nor that he actually benefited from any prior rehabilitation through the Family Court system. Accordingly, this factor weighs against decertification.

### IV. Security of the Public

As determined above, the charges against the Defendant are nonviolent. Certainly, the Court recognizes that the charges against the Defendant are serious crimes and that there is a great public interest in protecting the public from burglary and theft. Further, as previously noted, the Defendant was on pre-trial release in the instant matter when the Defendant was indicted in CF0031-20. Thus, considering the Defendant's history and the closeness in time between the Defendant's two active felony theft cases, punishment pursuant to Title 9 Chapter

80 might be necessary to deter the Defendant from repeating this recent pattern of alleged criminal activity. Accordingly, the Court finds that this factor weighs against transferring the matter to Family Court.

## V.     Adequacy of Punishment

If this matter is transferred to Family Court, the Family Court would retain jurisdiction over the Defendant until the Defendant turns twenty-one (21) years old. 19 GCA § 5105. The Defendant is currently sixteen (16) years old and will be turning seventeen (17) in approximately three months. Thus, if the Court chooses to decertify the Defendant, the Family Court would retain jurisdiction for a maximum of four (4) years. Id. On the other hand, if convicted of the greatest charge, that is, Burglary (as a Second-Degree Felony), the Defendant would be subject to a minimum sentence of five (5) years without suspension, with a maximum sentence of up to ten (10) years imprisonment. 9 GCA § 37.20(b). The Defendant, however, may also be sentenced as a first-time offender and would receive up to five (5) years imprisonment in lieu of the standard sentencing range. Id. If convicted for the less serious crimes, the Defendant could possibly serve a comparable amount of time as he would spend in the Family Court system. Therefore, in comparing the Family Court's maximum jurisdiction to the possible sentence that could be imposed if the Defendant is convicted, the Court finds the range is marginally proportional. Accordingly, the Court finds that this factor weighs slightly in favor of decertification to Family Court.

Having analyzed the factors above, the Court finds that the factors taken together weigh against decertification and transfer to Family Court. See 19 GCA § 5106(d) (in considering the above factors, the Court *shall give greater weight* to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any other factor (emphasis added)). The Court does not find that clear and convincing evidence demonstrated "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." Id. Accordingly, the Defendant's Motion to Transfer to Family Court is **DENIED**.

//

## <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's Motion to Transfer to Family Court is **DENIED**.


IT IS SO ORDERED _____**MAR 1 1 2020**_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date: 3/11/20  Time: 4:55

Deputy Clerk, Superior Court of Guam